UNITED STATES of America,
Plaintiff-Appellee,

v.

Edward J. FITZGERALD, Defendant-
Appellant.

No. 380, Docket 23803.

United States Court of Appeals
Second Circuit.

Argued June 6, 1956.

Decided July 6, 1956.

Milton H. Friedman, New York City, for defendant-appellant.

Thomas A. Bolan, Asst. U. S. Atty., S.D.N.Y., New York City (Paul W. Williams, U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Before CLARK, Chief Judge, and FRANK and WATERMAN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment convicting appellant of contempt of court as a result of his refusal to testify before a grand jury in conformity with an order issued under authority of the Compulsory Testimony Act of 1954, 18 U.S.C. § 3486, as amended. On July 25, 1955, the United States Attorney presented to Judge Dawson an application for an order instructing appellant to answer questions which he had refused to answer before the grand jury and to testify and produce evidence pursuant to the provisions of this recently enacted immunity statute. The application described the subject matter of the grand jury inquiry, set forth the questions asked appellant by the grand jury, and stated that he refused to answer the questions on the ground that his answers might tend to incriminate him. It also averred that in the judgment of the United States Attorney the testimony of the appellant was necessary to the public interest, and that it was being

made with the approval of the Attorney General, whose letter of approval was attached.

 Appellant cannot, as he argues, be relieved of the compulsion to testify by reason of his express rejection of the immunity conferred under the statute. See Ullmann v. United States, 350 U.S. 422, 76 S.Ct. 497; Burdick v. United States, 236 U.S. 79, 94, 35 S.Ct. 267, 59 L.Ed. 476. Nor was he entitled to a hearing looking behind the asserted judgment of the Attorney General into the motives. All the statutory requirements were found to exist by Judge Dawson, and he designated the questions to be answered with sufficient particularity to sustain the finding of contempt later made by Judge Walsh. All questions of substance here were settled adversely to the appellant by the Ullmann decision in March.

Affirmed.